UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOY GAROFALO,

                      Plaintiff,

-against-

VERIZON NEW YORK, INC., and
CHARLES ROMANO,

                      Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER

CV 10-2176

(Wexler, J.)

LEEDS MORELLI & BROWN, P.C.
BY: THOMAS RICOTTA, ESQ.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514

WHITE AND WILLIAMS LLP
BY: SCOTT H. CASHER, ESQ.
Attorneys for Defendants
427 Bedford Road, Suite 250
Pleasantville, New York 10570-3035

WEXLER, District Judge

This is an employment discrimination case alleging: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, and (2) discrimination on the basis of a disability in violation of the Americans With Disabilities Act, 42 U.S.C. § 12102 (the "ADA"). Plaintiff also sets forth parallel state law claims against the individual defendant, for violation of the New York State Human Rights Law.

Presently before the court is Defendant's motion for summary judgment pursuant to Rule

1

56 of the Federal Rules of Civil Procedure dismissing all of Plaintiff's claims. For the reasons set forth below, the motion is granted.

## BACKGROUND

I. Factual Background

A. The Parties and the Allegations of the Complaint

Plaintiff Joy Garofalo ("Plaintiff") is an individual who was employed by Verizon and its predecessor corporations from 1981 until 2008. In addition to naming Verizon as a Defendant, Plaintiff names Charles Romano, one of her supervisors, as a Defendant ("Romano"). As noted above and described below in greater detail, Plaintiff claims discrimination based upon her gender and also on account of a disability. She also alleges retaliation followed her complaints of discrimination.[1]

B. Plaintiff's Employment at Verizon

The facts set forth below concerning Plaintiff's employment are derived from documents properly before the court in the context of this motion, including the parties' statements submitted pursuant to Rule 56.1 of this court, documents filed in administrative proceedings and deposition testimony.

Plaintiff began her employment with Verizon's corporate predecessors in the early 1980's. She remained employed by Verizon until 2008, when she voluntarily left the company on long term disability leave. Plaintiff's last position at Verizon was in the capacity of a manager providing technical support. From approximately 1987 until she left the company, Plaintiff was

---

[1] Plaintiff has withdrawn any claim of discrimination based upon a hostile environment.

2

employed in a non-union management position. Promotions in Plaintiff's employment group were governed by a Verizon policy known as "Tech Track." While Plaintiff is not familiar with the precise working of all Tech Track policies, she was aware that raises were dependent upon funds available during given time periods.

Plaintiff's complaint details a series of work-related incidents from the 1980's until 2008. Broadly speaking, these incidents refer to promised promotions that failed to materialize because, according to Plaintiff, of her gender. Thus, Plaintiff's complaint refers to the failure of Verizon to promote her to the position of Lead Specialist in "the 1980's," May of 1992, 1994, 1995, and 2004. Plaintiff's complaint also states that male co-workers with the same responsibilities were promoted and paid a higher wage.

Plaintiff's complaint focuses on a promotion she received in 2006. Specifically, in a memorandum dated September 12, 2006, Plaintiff was advised that retroactive to July 30, 2006, she was to be promoted to the position of Lead Network Specialist. While Plaintiff acknowledges that this was a promotion to the position she had long sought, she alleges that the raise she received was less than that of similarly situated males. Specifically, Plaintiff alleges that while she was given a 4% salary increase, males promoted to the same position received a 10% salary increase. Verizon has submitted documents detailing the promotion of a male co-worker, promoted to the same position as Plaintiff at the same time. Those documents establish that the male received the same 4% salary increase as Plaintiff. For her part, Plaintiff states that she heard of other males who received higher salary increases, although they may have been granted at different time periods.

Prior to her 2006 promotion, Plaintiff was supervised by individual Defendant Romano.

3

Plaintiff details a series of emails she sent to Romano and his direct supervisor concerning Plaintiff's complaints of disparate treatment. A reading of these documents reveals that it was those emails that led to meetings, and the ultimate decision to promote Plaintiff in 2006. Thus, Plaintiff's promotion followed Romano's June 1, 2005 recommendation that Plaintiff be promoted. In his recommendation, Romano recognized Plaintiff's knowledge in her area of expertise as well as her diligent work at Verizon.

Plaintiff was pleased with her promotion, but not with the 4% raise in salary. She alleges that when she complained about the rate of her wage increase she was retaliated against in the terms of her employment. Specifically, Plaintiff claims that in 2007 and 2008, she was informed that her position was being considered as a part of an upcoming reduction in force. After allegedly being so informed, Plaintiff left Verizon on a short term disability leave. When her short-term disability leave was exhausted, Plaintiff began receiving long term disability benefits and has not returned to work. Thus, Plaintiff was never a part of any reduction in force. Plaintiff acknowledges this, stating that she left the company "prior to Defendants effectuating any retaliatory motive and subjecting" her to a "reduction in force." In any event, it is clear that Plaintiff was never a part of any reduction in force, but that she left Verizon voluntarily on disability leave.

As to Plaintiff's complaint of disability discrimination, the complaint makes allegations referring, vaguely, to a disability. Such disability is alleged to have arisen from Verizon's failure to provide Plaintiff with proper safety breathing equipment when she worked at Verizon's facility located on West Street in Manhattan shortly following September 11, 2001. Specifically, Plaintiff alleges health problems including a ruptured ear, perforated ear, vertigo, neurological

4

symptoms, depression and fibromyalgia. She states that her disability makes it impossible for her to travel via airplane. There is no indication that Plaintiff's position at Verizon required air travel. Moreover, in documents before the court Plaintiff clearly and explicitly denied the need for any accommodation to perform her job duties. Thus, in a July 2006 email sent by Plaintiff to Romano, Plaintiff stated that she had not requested any accommodation. Additionally, Plaintiff testified at her deposition that she neither needed nor requested any type of accommodation. Still, Plaintiff takes the position that she informed Romano of her disability and told him of her travel restriction. There is evidence in the record that Plaintiff began some kind of an accommodation process with the Verizon Human Resources Department, but it does not appear that any such process was followed up upon, or completed.

C. Administrative Complaints of Discrimination

On September 5, 2007, Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights (the "September 2007 NYSDHR Complaint"). In that complaint, Plaintiff complained of both disability and gender discrimination. As to disability, Plaintiff stated that she had a "travel restriction due to inner ear condition." As to gender discrimination, Plaintiff checked the box for discrimination based upon the fact that she is female, but did not check the box entitled "sexual harassment." In response to the section of the form requiring Plaintiff to describe the acts of discrimination about which she complained, Plaintiff referred to her September 15, 2006 promotion and a 4% increase, when "men previously promoted received 10%." As to her claim for retaliation, Plaintiff identified the date of July 7, 2006 as the date when she made a complaint of discrimination that led to retaliation. While she stated that on that date she notified her ex-director of "unresolved career issues," she did not state

a specific act of retaliation that followed. As to the most recent act of discrimination, Plaintiff stated that on April 18, 2007, Charles Romano was "aware of previous acts of discrimination and did not resolve." Plaintiff stated the remedy sought as "equal pay, raise and compensation."

On February 20, 2008, the New York State Division of Human Rights found that it had jurisdiction over the September 2007 NYSDHR Complaint, and that there was probable cause to believe that discrimination had taken place. The matter was therefore referred to a public hearing and assigned to an Administrative Law Judge. Approximately seven months later, on September 28, 2008, Plaintiff filed a second complaint of discrimination with the NYSDHR (the "September 2008 NYSDHR Complaint"). The September 2008 NYSDHR Complaint referenced the September 2007 NYSDHR Complaint and stated, additionally, that Plaintiff was discriminated against on September 24, 2008, when she was "informed" by her manager that she was "at risk of losing" her job.

On October 14, 2009, prior to any hearing and pursuant to Plaintiff's request, the NYSDHR issued an order dismissing Plaintiff's September 2007 NYSDHR complaint on the ground of administrative convenience. No mention was made of the September 2008 NYSDHR Complaint. Plaintiff's "right to sue" letter was issued by the United States Equal Employment Opportunity Commission on February 9, 2010. This action followed.

II.  The Motion

Defendant moves for summary judgment as to all of Plaintiff's claims. First, it is argued that all claims are time-barred. In the event that Plaintiff's claims are deemed timely, they are nonetheless argued to be subject to dismissal on the merits. The disparate wage claim is alleged to fail because Defendant has come forward with evidence that a similarly situated male

employee was promoted to the same position as Plaintiff, at the same time, and received the same 4% salary increase. It is further noted that Plaintiff has come forward with no evidence to refute this fact and none in support of her allegation that similarly situated males received a 10% salary increase, other than a vague allegation based upon hearsay. Any claim based upon retaliation is alleged to be barred by Plaintiff's failure to complain of any such discrimination to Verizon's EEO office. It is also noted that Plaintiff suffered no adverse action following the 2007 filing of her administrative complaint which was followed only by Plaintiff's decision to leave the company on a short term and, later, a long term leave of disability. Finally, as to Plaintiff's ADA claim, Defendants point to Plaintiff's own testimony stating that she neither requested nor was denied any accommodation. After setting forth relevant legal principles, the court will turn to the merits of the motion.

## DISCUSSION

I. <u>Legal Principles</u>

A. <u>Standards For Summary Judgement</u>

A motion for summary judgement is properly granted only if the court determines that no genuine issue of material fact exists and the moving party is entitled only if the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FRCP 56(c); <u>Anderson v. Liberty Lobby, Inc.</u> 477 U.S. 242, 250 (1986). The party seeking judgment bears the burden of demonstrating that no issue of fact exists. <u>McLee v. Chrysler Corp.</u> 109 F.3d 130, 134 (2d Cir. 1997). However, when the nonmoving party fails to make a showing on an essential elements of its case with respect to which it bears the burden of proof, summary judgment will be granted. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

The party resisting summary judgment must not only show a disputed issue of fact, but it must also be a material fact in light of substantive law. Only disputed facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 242.

B. Timeliness

Title VII and the ADA both require a claimant to timely file a charge of discrimination with the EEOC. McPherson v. New York City Dept. of Educ., 457 F.3d 211, 213 (2d Cir. 2006); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1982. Where, as in the State of New York, there exists a state fair employment agency, such charges must be filed within 300 days of the alleged act of discrimination. McPherson, 457 F.3d at 213; Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1982); Vincent v. Wal-Mart Store 3420, 2012 WL 3800833 *5 (E.D.N.Y. 2012); Collier v. Boymelgreen Developers, 2008 WL 835706 *2 (E.D.N.Y. 2008); Cunningham v. Consolidated Edison Inc., 2006 WL 842914 *12 (E.D.N.Y. 2006); see 42 U.S.C. § 2000e-5(e).

This statutory requirement is analogous to a statute of limitations. McPherson, 457 F.3d at 214; Van Zant, 80 F.3d at 712; Vincent, 2012 WL 3800833 *5; Collier, 2008 WL 835706 *2. Accordingly, only events occurring within the 300 day period prior to filing are actionable. Id. While the "continuing violation" doctrine may allow a plaintiff to include in his complaint acts of discrimination that took place prior to the 300 day period, at least one act of discrimination must have taken place within the statutory time period. Hussain v. Long Island R. Co., 2002 WL 31108195 *4 (S.D.N.Y. 2002); see Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). The continuing violation doctrine does not generally apply where a plaintiff alleges

8

discrete acts of discrimination such as termination or failure to promote. <u>Collier</u>, 2008 WL 835706 *3.

II.   <u>The Complaint is Time-Barred</u>

The court considers the facts as set forth above when considering whether any alleged act of discrimination occurred within 300 days prior to the filing of the September 2007 NYSDHR Complaint, and holds that none did. As noted, Plaintiff filed complaints with the NYSDHR in September of 2007 and September of 2008. The September 2007 NYSDHR Complaint raises a discrete act of discrimination, <u>i.e.</u>, the allegation that Plaintiff did not receive a proper pay raise in September of 2006. While that complaint also refers to April 18, 2007, when Charles Romano was "aware of previous acts of discrimination and did not resolve," that statement raises no new or different act of discrimination. Instead, it merely references the same September 2006 act.

Similarly, the 2008 NYSDHR Complaint references the same incident forming the basis of the earlier complaint of discrimination, <u>i.e.</u>, the failure to grant Plaintiff an adequate increase in salary in connection with the September 2006 promotion. As a purportedly more recent act of discrimination, the 2008 NYSDHR Complaint refers to Plaintiff being told on September 24, 2008, of the "risk" of becoming a part of an upcoming reduction in force. That risk never materialized. Plaintiff was never fired but left Verizon voluntarily. Thus, the court cannot consider what, if anything, occurred on September 24, 2008, as any act of discrimination, including one of retaliation. As the foregoing discussion makes clear, the only and most recent act of gender discrimination complained of is the September 2006 promotion and allegedly inadequate raise.

As to any claim based upon disability discrimination, Plaintiff makes no reference

9

whatever to any act of discrimination arising from her alleged disability. To the contrary, she states clearly that she neither needed nor requested any type of accommodation. Although she states that she informed Verizon that she could not fly, she sets forth no facts indicating that this resulted in any act of discrimination.

Based upon the foregoing, the court holds that the most recent act of discrimination that is alleged to have occurred prior to the filing of the September 2007 NYSDHR Complaint took place in September of 2006, when Plaintiff received a promotion, but only a 4% pay raise. Because that act occurred 358 days prior to the filing of Plaintiff's September 2007 NYSDHR complaint, her administrative claim alleges no act of discrimination that occurred within the 300 day period prior to the filing of the complaint, and must be dismissed as untimely.[2]

Plaintiff's memorandum of law submitted in opposition to this motion makes no real attempt to argue otherwise. Instead, Plaintiff argues only that the decades' old allegations of promised promotions may be considered by this court as "background," information. While that may or may not be true, such "background" information can be considered only if a plaintiff alleges at least a single act of discrimination act that took place within the statutory time period. See Nat'l R.R. Passenger Corp., 536 U.S. at 113; Chin v. Port Authority of New York & New Jersey, 685 F.3d 135, 150 (2d Cir. 2012). As no timely act is alleged, no amount of background information can render this action timely.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. The

---

[2] In view of the fact that this action is dismissed as untimely, the court need not, and does not reach Defendants' arguments regarding the merits of Plaintiff's claims.

Clerk of the Court is directed to terminate the motion appearing at docket entry number 28 in this matter and to thereafter close the file in this case.

SO ORDERED

/s/ Leonard D. Wexler
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
October 3 2012